# UNITED STATES DISTRICT COURT FOR THE ~~NORTHERN~~ DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

FILED 2019 AUG 21 AM 10:59
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

DC# X06002,
Inmate # DANIEL PEARSON.
(Enter full name of Plaintiff)

vs.

OFFICER H. GOMEZ,
SGT W. ROGERS,
_____,
_____,
_____.

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

CASE NO: 3:19-cv-944-J-39JBT
(To be assigned by Clerk)

THE DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL CAPACITY UNDER COLOR OF STATE LAW FOR A FEDERAL QUESTION OF LAW JURISDICTION FOR A DEPRIVATION OF PERSONAL PROPERTY

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

SHIP P.D. ON
JUL 28 2019
FOR MAILING BY
_____

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: DANIEL MALCOM PEARSON
Inmate Number: X06002
Prison or Jail: SANTA ROSA CORRECTIONAL INST
Mailing address: 5850 E. MILTON ROAD
MILTON FLORIDA 32583

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: A. GOMEZ
    Official position: CORRECTIONAL OFFICER
    Employed at: SUMTER CORRECTIONAL INST
    Mailing address: 9544 County Road 476B
    Bushnell, Florida 33513

(2) Defendant's name: W. ROGERS
    Official position: SERGEANT
    Employed at: FLORIDA STATE PRISON
    Mailing address: PO BOX 800
    RAIFORD FLORIDA 32083

(3) Defendant's name: _____
    Official position: _____
    Employed at: _____
    Mailing address: _____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

III.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

I HAVE EXHAUSTED ALL 3 LEVELS OF GRIEVANCE PROCEDURE

IV.     **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): NA
   (b) Defendant(s): NA
2. Name of judge: NA     Case #: NA
3. County and judicial circuit: NA
4. Approximate filing date: NA
5. If not still pending, date of dismissal: NA
6. Reason for dismissal: NA
7. Facts and claims of case: NA

(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(✓)

1. Parties to previous action:
   a. Plaintiff(s): NA
   b. Defendant(s): NA
2. District and judicial division: NA
3. Name of judge: NA     Case #: NA
4. Approximate filing date: NA
5. If not still pending, date of dismissal: NA
6. Reason for dismissal: NA

7. Facts and claims of case: __N/A__
__N/A__

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__   Case #: __N/A__
4. Approximate filing date: __N/A__
5. If not still pending, date of dismissal: __N/A__
6. Reason for dismissal: __N/A__
7. Facts and claims of case: __N/A__

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__   Case Docket # __N/A__
4. Approximate filing date: __N/A__   Dismissal date: __N/A__
5. Reason for dismissal: __N/A__

4

6. Facts and claims of case: _____NA_____
_____NA_____

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. THE PLAINTIFF STATES ON 9-15-18 SUMTER CORRECTIONAL INSTITUTION OFFICER A. GOMEZ DID COME TO CONFINEMENT AND TAKE MY LEGAL TRANSCRIPTS FROM [SHOS] PSYCHIC CELL AFTER SEVEN DAYS OF HAVING PROPERTY AND LEGAL WORK IN THAT CELL DO TO CONFINEMENT FULL.

2. THE PLAINTIFF STATES THAT SUMTER CORRECTIONAL PROPERTY ROOM AND ADMINISTRATION DID IN FACT LOOSE OR MISPLACE MY PERSONAL PROPERTY THAT WAS STORED ON 9-15-18 WHEN HE WENT TO CONFINEMENT FOR AGGREVATED BATTERY ON A INMATE.

3. THE PLAINTIFF RECEIVED HIS DC6-220 PROPERTY SLIPS WITH HIS STORED ITEMS SUCH AS [NEW BALANCE TENNIS SHOES] PERSONAL SWEATER, PERSONAL BOOTS AND HYGIENE PRODUCTS. WHILE IN CONFINEMENT AFTER SEVEN DAYS OFFICER GOMEZ, WHO WORKED CONFINEMENT CAME TO THE [PYSHIC CELL] THEY HAD ME IN DO TO CONFINEMENT OVER CROWDING AND FULL, STATED THAT HE HAD TO TAKE MY LEGAL TRANSCRIPTS AND DOCUMENTS OF TWO BUISNESS PLANS COMPLETE TO SEND HOME TO FAMILY. I ALSO HAD ABOUT 1,500 PAGES OF CRIMINAL TRIAL TRANSCRIPTS.

4. WHEN HE PULLED ME OUT CELL, I STATED THAT I'M ALLOWED TO KEEP MY LEGAL WORK AND I'M IN A FEDERAL COURT FOR MY STATE CASE AND I'M NOT IN ANY [PYSHIC STATUS] AND ONLY IN THAT CELL DO TO CONFINEMENT IS FULL. TO WHICH OFFICER GOMEZ IS LOOKING AT MY TRANSCRIPTS AND SAYS INMATES WITH CHARGES LIKE YOURS, USUALLY GET ALL THEY SHIT THROWED AWAY WITH THIS KIND OF CHARGES, MEANING A SEX CHARGE.

# STATEMENT OF FACTS

5. THE PLAINTIFF WENT TO DR-COURT AND WAS GIVEN 60 DAYS DC CONFINEMENT AND WAS PENDING A CLOSE MANAGEMENT PLACEMENT ON 10-24-18 AND WAS TRANSFERED TO FLORIDA STATE PRISON ABOUT FOUR MONTHS LATER WITHOUT PROPERTY FROM SUMTER CORRECTIONAL WHO MADE ME SIGN SLIP WITHOUT PROPERTY BY WAY OF THREATS AND SAYING WHEN ITS LOCATED IT WILL BE FORWARDED TO FLORIDA STATE PRISON

6. WHILE AT FLORIDA STATE PRISON PLAINTIFF RECIEVED PROPERTY AND SLIP DATED 9-15-18 AND 9-22-18, BUT THERE WAS NO STORAGED PROPERTY OF MY NEW BALANCE TENNIS SHOES, PERSONAL SWEATER, PERSONAL BOOTS NEW AND [NO] LEGAL TRANSCRIPTS, LEGAL MAIL, AND ALL COMPLETED BUSINESS PLANS TO SEND HOME TO FAMILY WAS NOT SENT ALSO NONE OF MY HYGENE PRODUCTS WHEN SHIPPED FROM SUMTER CORRECTIONAL

7. FLORIDA STATE PRISON SGT W. ROGERS DID NOT WANT TO NOTIFY SUMTER WHEN HE SEEN ALL MY ITEMS MISSING FROM MY DC6 220 PROPERTY SLIP AND I INFORMED HIM THAT I DID NOT WISH TO SIGN SLIP AT SUMTER BUT WAS THREATEN BECAUSE OF MY CHARGES AND NOW THEY HAVE THREW MY PROPERTY AWAY, LIKE OFFICER GOMEZ STATED. FLORIDA STATE PRISON PROPERTY SGT W. ROGERS TOLD ME THE SAME THING, THAT I WILL SIGN HIS FORM OR ELSE CAUSE THATS WHAT HAPPENS TO INMATES LIKE ME THAT HAS [SEX] CHARGES. I SIGNED THE FORM UNDER [DURESS] AND WROTE A GRIEVANCE INTO THE MATTER OF MY PROPERTY MISSING.

8. THE FLORIDA STATE PRISON SGT W. ROGERS WROTE BACK AND STATED [YOU SIGNED FOR PROPERTY ON 2-15-19 PLEASE PROVIDE COPY OF DC6-220 TO SUPPORT YOUR CLAIM] LET IT BE NOTED THAT SECURITY ALWAYS THREATEN INMATES TO SIGN PROPERTY SLIPS WHEN ITEMS ARE MISSING OR NOT THERE [THIS IS A COMMON PRACTICE AND CUSTOM FOLLOWED TO DEPRIVE INMATES OUT PROPERTY AND TO USE THERE CHARGES AGAINST THEM FOR WHAT THEY IN PRISON FOR WHICH IF IT A SEX CHARGE, THE COMMON PRACTICE IS TO THROW THE INMATE PROPERTY AWAY, AND MAKE THEM SIGN DC6 SLIP SO THEY CAN NOT CHALLENGE IT, BUT MAKE YOU PICK FROM PROPERTY IS THERE AND WHATS NOT, THIS IS AGAINST FAC RULES AND VIOLATES THE PLAINTIFF RIGHTS

# STATEMENT OF FACTS

9. THE INMATE HAS A RIGHT NOT TO SIGN HIS PROPERTY SLIP, WHEN HE HAS PROPERTY MISSING AND IT IS THE PRISON STAFF JOB TO INVESTIGATE AND LOCATE PROPERTY MISSING OR STOLEN WHILE IN THEIR STORAGE POSSESSION WHEN IN CONFINEMENT. BUT WHEN THEY MAKE YOU SIGN FOR IT, AND YOU FILE A GRIEVANCE OR FILE TO COURT, THEY USE IT AS A DEFENSE TO SAY YOU SIGNED AND THERE LIABILITY IS RELIEVED.

10. WHEN FLORIDA STATE PRISON SGT W. ROGERS WROTE BACK, HE STATED I SIGNED FOR LEGAL MAIL ON 2-15-19 AND FURTHER STATES THAT THERE IS NO PAPERWORK IN MY PROPERTY FILE THAT SUPPORTS MY CLAIM OR OWNING A PAIR OF NEW BALANCE TENNIS SHOES, NOR HAVE PLAINTIFF PROVIDED ANY EVIDENCE BY DC6 220, WHICH IS NOT TRUE. SGT W. ROGERS

11. FURTHER STATE THAT MY PREVIOUS INSTITUTION SUMTER HAD NO NEW BALANCE SHOES DOCUMENTED BETWEEN THE DATE OF HIS LAST INVENTORY AT SUMTER ON 9-15-19 AND PLAINTIFF INITIAL INVENTORY BY F.S.P ON 2-14-19. WHICH IS NOT TRUE CLEARLY ON [FACE OF RECORD] SEE SUMTER DC6-220 PROPERTY SLIP DATED 9-15-18 ] THIS IS A OBVIOUS LIE ON THE FACE OF THE RECORD AND WAS A [BOILERMAKER] RESPONSE IN NOT TO TAKE ACTION IN TO MY THROWN AWAY PROPERTY THEY ARE RESPONSIBLE FOR.

12. THE PLAINTIFF FURTHERED HIS GRIEVANCE AND PROVIDED DC6-220 PROPERTY SLIPS FROM SUMTER CI AND APPEAL WAS DENIED ON 3-25-19 WITH F.S.P. GIVING PLAINTIFF HIS GRIEVANCE ANSWER BY CALLING HIM TO THE F.S.P PROPERTY ROOM AND GAVE PLAINTIFF HIS SWEAT SHIRT AND PERSONAL BOOTS THAT WAS STORED AT SUMTER.

7

## STATEMENT OF FACTS

13. THE PLAINTIFF FURTHERED HIS GRIEVANCE APPEAL TO CENTRAL OFFICE INTO HIS CRIMINAL CASE LEGAL TRANSCRIPTS AND BUISNESS PAPERWORK TO SEND HOME TO FAMILY AND TAKE THE COST ON THE HYGIENE ITEMS NEW BALANCE TENNIS SHOES. THE CENTRAL OFFICE RESPONSE CONCEEDED WITH THE LOWER PRISON AND DENIED ADMINISTRATIVE REMEDY.

14. THE PLAINTIFF CONTENDS THAT HIS PERSONAL PROPERTY AND CRIMINAL CASE TRANSCRIPT WAS DELIBERATELY THROWN AWAY DO TO PLAINTIFF IS CHARGED WITH A SEX CRIME THAT HE IS ACTUALLY INNOCENT OF AND WAS IN THE MIDDLE OF FILING HIS FEDERAL 2264 HABEAS CORPUS INTO HIS ACTUAL INNOCENCE AND PROCEEDURAL DEFAULT CLAIM. BY WAY OF FEDERAL COURT ORDER DENIAL TO APPEAL, WHICH PLAINTIFF CANNOT DUE TO NOT HAVING HIS CRIMINAL COURT TRANSCRIPTS. WHICH THAT COURTS ORDER HE HAD 60 DAYS TO FILE ANOTHER PETITION AND NOW TIME HAS BEEN EXSPIRED RESULTING IN A ACTUAL INSURY OF A DENIAL OF ACCESS TO COURTS.

15. THE PLAINTIFF STATES THAT THE GRIEVANCE PROCESS DID NOT OFFORD HIM A POST DEPRIVATION REMEDY INTO HIS LEGAL TRANSCRIPTS AND HIS HYGENE ITEMS THAT WAS STORED BY SUMTER C.I. THE FLORIDA STATE PRISON OFFICIALS ALSO DID NOT PROVIDE A PROPER INVESTIGATION, NOR POST DEPRIVATION REMEDY INTO MISPLACED PROPERTY AS REQUIRED BY FLORIDA ADMINISTRATIVE CODE. THE FLORIDA DEPARTMENT OF CORRECTIONS IS EQUALLY AT FAULT IN NOT SUPERVISING LOWER OFFICERS IN THERER LAST REVIEW CAMPASITY.

8

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

16. THE PLAINTIFF STATEMENT OF CLAIMS ARE PREDICATED UPON THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION OF CRUEL AND UNUSUAL PUNISHMENT AND DENIAL OF EQUAL PROTECTION OF LAWS UNDER THE FOURTEENTH AMENDMENTS TO DUE PROCESS OF LAW AND HAS RESULTED IN A ACTUAL INJURY OF DENIAL OF ACCESS TO COURT. THE PLAINTIFFS CLAIMS SEEKS REDRESS OF DEPRIVATION OF ACCESS TO COURT, AND THESE CLAIMS WERE COMMITTED BY OFFICIALS UNDER COLOR OF STATE LAW. [SEE CLAIMS SET OUT ATTACHED]

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

COMPENSATORY DAMAGES: $10,000 DOLLARS [JOINTLY OR SEVERALLY FROM DEFENDANTS FOR A DEPRIVATION OF LEGAL DOCUMENTS AND PERSONAL PROPERTY FOR DENIAL OF ACCESS TO COURTS IN PLAINTIFFS CRIMINAL CASE. PUNITIVE DAMAGES: $10,000 DOLLARS [JOINTLY OR SEVERALLY FROM DEFENDANTS DELIBERATE ACTIONS INTO THE DEPRIVATION OF PROPERTY

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

8-16-19
(Date)

Pearson, Daniel
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 16 day of AUGUST, 20 19.

Pearson, Daniel
(Signature of Plaintiff)

Revised 03/07

## STATEMENT OF CLAIMS

17. THE PLAINTIFF DANIEL PEARSON INVOKES HIS EIGHTH AMENDMENT RIGHT TO CRUEL AND UNUSEAL PUNISHMENT OF A DENIAL OF ACCESS TO COURT IN FILING HIS FEDERAL HABEAS CORPUS 2254 PETITION AND RESPONDING TO THE FEDERAL COURT ORDER TO FILE HIS STATE PROCEDURAL DEFAULT CLAIM.

18. <u>DELIBERATE INDIFFERENCE</u>: DEFENDANT <u>OFFICER A. GOMEZ</u> DID ACT UNDER THE COLOR OF STATE AND FEDERAL LAW, AND DID SUBJECT PLAINTIFF TO A UNREASONABLE PROPERTY DEPRIVATION AND DENIAL OF ACCESS TO COURT. THE DEFENDANT WAS DELIBERATE AND INDIFFERENT TO PLAINTIFF PROPERTY AND COURT NEEDS BY STATING INMATES WITH CHARGE SUCH AS MINE GET THEIR PROPERTY THROWN AWAY.

19. THIS DEFENDANT DID NOT DRAW THE INTERFERANCE TO PLAINTIFF AFFIRMATIVE RIGHT TO WORK ON HIS LEGAL CRIMINAL CASE, AND HIS RIGHT TO HAVE HIS PERSONAL PROPERTY IN THE CELL WITH HIM DO TO OVER FULL CONFINEMENT.

<u>PROXIMATE CAUSE</u>: DEFENDANT A. GOMEZ DID ACT UNDER THE COLOR OF STATE AND FEDERAL LAW AND WAS THE DIRECT PROXIMATE CAUSE TO THIS DENIAL OF ACCESS TO COURT RESULTING IN A ACTUAL INJURY TO DENIAL OF ACCESS TO COURT BY WAY OF OFFICER A. GOMEZ DID NOT HAVE TO TAKE MY LEGAL TRANSCRIPTS FROM ME, WHEN I HAD BEEN IN THAT CELL FOR SEVEN DAYS FROM PLACEMENT IN CONFINEMENT, AND BEING IN A [SHOS] CELL DO TO CONFINEMENT FULL AND WAS ONLY CELL THEY COULD HOUSE ME IN AT TIME.

9

## STATEMENT OF CLAIMS

20. <u>CAUSATION</u>: DEFENDANT OFFICER GOMEZ WAS DELIBERATE AND INDIFFERENT TO MY PROPERTY AND LEGAL NEEDS OF ACCESS TO THE COURTS TO COLLATERAL ATTACK MY SENTENCE AND JUDGEMENT IN MY CRIMINAL CASE. THE DEFENDANT SEEN MY TRANSCRIPTS AND CHARGES AS HE PACK THEM UP AND STATED INMATE WITH CHARGES LIKE MINE GET THERE PROPERTY THROWED AWAY. DEFENDANT A. GOMEZ HAD A [OBJECTIVE] KNOWLEDGE OF MY CHARGE BEING A SEX CHARGE AND WILLFULLY, AND MALICIOUSLY THREW MY CRIMINAL TRANSCRIPTS AWAY AND FAILED TO LOCATE THEM.

21. THE PLAINTIFF FURTHER STATE THAT HE WAS NOT UNDER NO SUICIDE WATCH IN THIS CELL, WHY HE COULD NOT KEEP LEGAL TRANSCRIPTS AND KEEP PROPERTY ALLOWED IN CONFINEMENT. THIS WAS DONE DELIBERATLY BY OFFICER A. GOMEZ TO TAKE PROPERTY SEVEN DAYS LATER. THE DEFENDANT WAS ANGRY THAT I HAD CAME TO CONFINEMENT FOR ALLEGELLY STABING ANOTHER INMATE AND HE DID HAVE A WILLFULLNESS TO DEPRIVE PLAINTIFF OUT HIS LEGAL DOCUMENTS AFTER SEEING HIS CHARGES AND THIS IS AND WAS THE DIRECT PROXIMATE CAUSE OF LEGAL DOCUMENTS LOST, OR DISTROYED, OR THROWN AWAY BY THIS DEFENDANT WHO TOOK THEM IN HIS CONSTRUCTIVE POSSESSION, THUS CAUSING A DEPRIVATION OF ACCESS TO COURT.

22. THE PLAINTIFF DANIEL PEARSON INVOKES HIS EIGHTH AMENDMENT RIGHT TO CRUEL AND UNUSEAL PUNISHMENT OF A DENIAL OF ACCESS TO COURT IN FILING HIS FEDERAL HABEAS CORPUS 2254 PETITION AND RESPONDING TO THE FEDERAL COURT ORDER TO FILE HIS STATE PROCEDURAL DEFAULT CLAIM.

23. <u>DELIBERATE INDIFFERENCE</u>: DEFENDANT OFFICER <u>SGT. W. ROGERS</u> DID ACT UNDER THE COLOR OF STATE AND FEDERAL LAW, AND DID SUBJECT

10

## STATEMENT OF CLAIMS

PLAINTIFF TO A UNREASONABLE PROPERTY DEPRIVATION AND DENIAL OF ACCESS TO COURT. THE DEFENDANT DID NOT PROVIDE PLAINTIFF WITH A PROPER POST DEPRIVATION REMEDY BY AN IMPARTIAL INVESTIGATION INTO PLAINTIFF LOST PROPERTY BY HIS PREVIOUS INSTITUTION.

24. DANIEL PEARSON INVOKES HIS FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION OF LAWS TO ACCESS THE COURTS. DEFENDANT SGT W. ROGERS DID ACT UNDER THE COLOR OF STATE AND FEDERAL LAW AND DID WILLFULLY DEPRIVE PLAINTIFF INTO A THOROUGH INVESTIGATION INTO HIS CRIMINAL TRANSCRIPTS, BY WAY OF A FDOC CUSTOM OF THROWING INMATE LEGAL DOCUMENTS AWAY THAT ARE INCARCERATED FOR SEX CHARGES.

25. DEFENDANT SGT ROGERS WAS INDIFFERENT TO PLAINTIFFS COURT AND LEGAL NEEDS OF HIS TRANSCRIPTS TO COLLATERAL ATTACK HIS ORANGE COUNTY JUDICIAL CIRCUIT COURT CRIMINAL CASE, AND IN DOING SO, DID CAUSE AN EIGHTH AMENDMENT VIOLATION OF CRUEL AND UNUSUAL PUNISHMENT OF PROLONGED DETENTION.

26. <u>DELIBERATE CAUSATION</u>: DEFENDANT SGT ROGERS WAS DELIBERATE AND INDIFFERENT TO MY LEGAL NEEDS AND MY PERSONAL PROPERTY AND DID FALSIFY GRIEVANCE LOG 1904-205-044 AND SAY I DID NOT HAVE NO NEW BALANCE TENNIS SHOES AFTER CONDUCTING A PROPERTY REVIEW OF MY DC 6-220 FROM PREVIOUS INSTITUTION THERE IS NO NEW BALANCE SHOES DOCUMENTED BETWEEN THE DATE OF MY LAST INVENTORY AT SUMTER C.I. ON 9-15-18 AND MY F.S.P. INVENTORY ON 2-14-19 WHICH IS NOT [TRUE] SEE DC 6-220 SUMTER PROPERTY SLIP DATED 9-15-18. THE PROPERTY SLIP AS TO THE LEGAL MAIL THAT I SIGNED FOR WAS MY INITIAL CONFINEMENT PLACEMENT SLIP. I PROVIDED SGT ROGERS WITH C/O GOMEZ DC 6-220 SEVEN DAYS LATER WHEN HE TOOK MY LEGAL MAIL PROPERTY IN ESHU

11

## STATEMENT OF CLAIMS

PYSCHO CELL] THIS WAS AFTER SIGNING MY INITIAL PROPERTY SLIP WHEN OFFICIERS BROUGHT IT TO CONFINEMENT TO SIGN GAVE LEGAL WORK AND TOOK STORED PROPERTY TO PROPERTY ROOM.

27. THE F.S.P. PROPERTY SGT KNEW THIS BY SEEING THE PROPERTY FILES AND [OBIS] DATA BASE. THE DEFENDANT WAS DELIBERATE AND INDIFERENT TO LOCATING PLAINTIFFS LEGAL TRANSCRIPTS AND HYGENE PRODUCTS HE PURCHASED FROM INMATE CANTEEN, AND DID HAVE A WILLINGNESS NOT TO INVESTIGATE AND LOCATE LEGAL TRANSCRIPTS.

## CONCLUSION OF CASE

28. THIS IS A 42 U.S.C. § 1983 WHICH AUTHORIZES ACTIONS TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW OF RIGHTS, PRIVILEGES AND IMMUNITIES SECURED TO DANIEL PEARSON BY THE CONSTITUTION AND LAWS OF THE UNITED STATES, ANYONE WHO SUBJECTS ANY CITIZENS WITHIN THE DISTRICT OF CLOMBIA TO A DEPRIVATION OF RIGHTS AND PRIVILEGES IS LIABLE TO THE INJURED PARTY FOR A SUITE IN EQUITY.

12