UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL MALCOLM PEARSON,

    Plaintiff,

v.                                     Case No. 3:19-cv-944-J-39JBT

A. GOMEZ and W. ROGERS,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Daniel Malcolm Pearson, an inmate of the Florida penal system, initiated this action by filing a pro se civil rights complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Docs. 2, 3). Plaintiff names as Defendants two corrections officers, each at a different correctional facility: A. Gomez, a corrections officer at Sumter Correctional Institution (SCI), and W. Rogers, a Sergeant at Florida State Prison (FSP). In his Complaint, Plaintiff asserts his personal property, including legal transcripts, were lost or destroyed while he was at SCI. Compl. at 5-6. Before his transfer to FSP, he was threatened to sign a property slip and was told his property would be sent to FSP when it was located.[1] Id. at 6. At FSP, Plaintiff never received his property, and Defendant Rogers coerced him into signing a

---

[1] It is unclear whether Defendant Gomez or another official at SCI made these comments.

property slip indicating he had. Id. Plaintiff asserts violations of the Eighth and Fourteenth Amendments, alleging Defendants' conduct constitutes cruel and unusual punishment, a denial of equal protection, and a denial of access to the courts. Id. at 9. He alleges no injuries. As relief, he seeks compensatory and punitive damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

First, Plaintiff fails to state a claim against Defendants for a violation of the Eighth Amendment. A prisoner asserting an Eighth Amendment violation must allege the prison official "actually knew of 'an excessive risk to inmate health or safety' and disregarded that risk." Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Plaintiff does not allege he faced a risk of serious harm of which Defendants had knowledge. See Compl. at 10-13. His allegations relate solely to the loss of personal property. Id. To the extent Plaintiff premises his Eighth Amendment claim on the threats Defendants made against him, such allegations do not suffice. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim.").

Second, Plaintiff fails to state an equal protection claim. "In order to state an equal protection claim, [a] plaintiff must [allege] that he was discriminated against by establishing that other similarly-situated individuals outside of his protected class were treated more favorably." Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009), abrogated on other grounds by Iqbal, 556 U.S. 662. As noted, Plaintiff's allegations center around a loss of personal property. In no way can his Complaint be liberally construed to suggest he is a member of a protected class who was discriminated against.

4

Third, Plaintiff fails to state a claim under the Fourteenth Amendment for the loss of his personal property. A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has an adequate postdeprivation remedy available to him under state law: he can sue the officers for theft or conversion. See Fla. Stat. § 772.11(1). See also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

Finally, Plaintiff fails to state an access-to-courts claim. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). The Eleventh Circuit has held an access-to-courts violation arises in limited types of cases: nonfrivolous appeals in a criminal case, petitions for habeas corpus, and civil rights actions. Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an

5

inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.") (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998)).

The closest Plaintiff comes to asserting an actual injury is his suggestion that he has been unable to file a "federal 2254 habeas corpus [petition]." Compl. at 8, 11. Plaintiff's allegations amount to no more than '[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action." See Iqbal, 556 U.S. at 678. Plaintiff provides no factual detail describing the circumstances of the alleged interference with a federal habeas petition, nor does he allege facts to demonstrate a causal connection between Defendants' actions and the alleged injury. For instance, Plaintiff does not allege either Defendant personally destroyed his legal papers.[2]

Moreover, the Court takes judicial notice that Plaintiff filed a habeas petition under 28 U.S.C. § 2254 in 2015. See Doc. 1, Case No. 6:15-cv-81-Orl-40DAB ("Habeas Case"). The Court denied Plaintiff's habeas petition, dismissed the case, and denied a certificate of appealability. See Habeas Case (Doc. 49). The

---

[2] Plaintiff alleges Defendant Gomez confiscated his legal papers, but he does not attribute the loss of his papers to any conduct by Defendant Gomez. See Compl. at 5-6. Rather, Plaintiff alleges the SCI "property room and administration" lost or misplaced his property, and an unnamed individual made him sign a property slip even though he did not receive his property. Id.

Eleventh Circuit denied a certificate of appealability, id. (Doc. 57), and a motion for reconsideration. See Eleventh Circuit Case No. 17-10357-B. Given Plaintiff has already pursued state habeas relief, and his case is no longer pending, he cannot demonstrate his efforts to pursue a nonfrivolous claim have been frustrated. See Barbour, 471 F.3d at 1225. As such, Plaintiff fails to state a claim for a denial of access to the courts.

Even if Plaintiff properly stated a claim for a denial of access to the courts, he would be entitled only to nominal damages under the PLRA. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."). To be entitled to nominal damages, however, a plaintiff must make such a request.

Plaintiff seeks only compensatory and punitive damages, each in the amount of $10,000. Even under a liberal interpretation, Plaintiff's request for relief cannot be construed as one for nominal damages. See, e.g., Williams v. Langford, No. 2:13-cv-315-FtM-38CM, 2015 WL 163226, at *7 (M.D. Fla. Jan. 12, 2015) (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978)) (finding a request for $250,000 could not be liberally construed as a request for nominal damages, which generally do not exceed one dollar); Honors v. Judd, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287, at *6 (M.D. Fla.

Aug. 10, 2011) (finding the plaintiff's request for only punitive and compensatory damages could not be considered a request for nominal damages under the PLRA).

Additionally, Plaintiff does not include a request for "other relief" or similarly inclusive language that could be liberally construed as a request for nominal damages. Cf. Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), report and recommendation adopted as modified, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012) (liberally construing the complaint to request nominal damages because the plaintiff asked for "such other relief" to which he may be entitled).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2019.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Daniel Pearson

8